UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RAEMOND BURTON,

        Defendant.

CASE NO. CR 20-5010 BHS

ORDER DENYING MOTION TO SELF-REPORT

This matter comes before the Court on Defendant Raemond Burton's ("Burton") motion to allow defendant to self-report. Dkt. 34. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I.  PROCEDURAL HISTORY

On January 21, 2020, Burton pled guilty to one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Dkt. 16. On March 11, 2020, the Court sentenced Burton to eight months in custody and 15 years of supervised release, subject to standard and special conditions. Dkt. 32. The sentence is to be served consecutively to Burton's Pierce County Juvenile Court sentence ("juvenile sentence"),

ORDER - 1

which he is currently serving. *Id*. On April 20, 2020, Burton brought this motion, arguing that due to the ongoing COVID-19 pandemic, he should be permitted to self-surrender to serve his federal sentence in the event that he receives early release or home detention for the final portion of his juvenile sentence. Dkt. 34. The government responded on April 24, 2020, opposing Burton's request. Dkt. 35. Burton filed a reply on April 28, 2020. Dkt. 36. On May 5, 2020, the Court received a Pretrial Services Report, which it had requested in connection with Burton's motion. Dkt. 37. Because Burton has not demonstrated that exceptional reasons render detention inappropriate, and he has not identified clear and convincing evidence that he is not likely to pose a danger to any other person or the community, the Court denies Burton's motion.

## II. DISCUSSION

Burton may be released pending the execution of his sentence only if (1) the Court finds "clear and convincing evidence that [Burton] is not likely to flee or pose a danger to the safety of any other person or the community"; and (2) "it is clearly shown that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. §§ 3143(a)(1), 3145(c).[1]

---

[1] Burton is subject to mandatory detention pursuant to 18 U.S.C. § 3143(a)(2) because his offense is among those listed in 18 U.S.C. § 3142(f)(1)(A)—namely, a "crime of violence." *See* 18 U.S.C. § 3156(a)(4)(C) (definition of "crime of violence" includes convictions under "chapter . . . 110 [18 U.S.C. § 2251 *et seq.*]. Pursuant to 18 U.S.C. § 3145(c), offenders subject to mandatory detention may only be released if, in addition to demonstrating they are unlikely to flee or pose a danger to the community, they also establish "exceptional reasons" why detention would be inappropriate. *Id*. *See United States v. Tobacco*, 150 F. Supp. 3d 1051, 1053 (D.S.D. 2015).

1      Burton states that the facility in which he is serving his juvenile sentence is
2 releasing inmates due to the current COVID-19 pandemic, and that he might be eligible
3 for release to home detention in the near future. Dkt. 34 at 2. Burton states that due to a
4 hold in place as a result of his consecutive federal sentence, if he were to be released
5 from his current facility, he would instead be transported directly to the Federal Detention
6 Center ("FDC"). *Id*. Burton argues that the due to the dangers posed by the COVID-19
7 pandemic, he should instead be permitted to self-report for his federal sentence, thus
8 allowing him to remain under home confinement if he obtains early release from his
9 juvenile sentence. *Id.*
10     The government contends that Burton's arguments regarding the COVID-19
11 pandemic fail to differentiate his situation from that of any other offender and his risk of
12 contracting the disease is speculative. Dkt. 35 at 2. The government also argues that the
13 circumstances of Burton's offense and his lack of meaningful treatment to date render
14 Burton a danger to the community. *Id.*
15     The Court denies Burton's motion. First, Burton has not established exceptional
16 reasons for his release. Burton's argument is based upon generalized discussion of the
17 dangers of COVID-19 in a detention environment. Dkt. 34. He does not claim he suffers
18 any risk factors. Indeed, Burton is young (age 18) and in good physical health. Dkt. 27
19 at 8. He does not suffer any of the conditions identified by the Centers for Disease
20 Control as risk factors for contracting COVID-19. *See*
21 https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-
22 risk.html (last visited May 8, 2020). Furthermore, the Bureau of Prisons is not currently

reporting any cases of COVID-19 at the FDC. https://www.bop.gov/coronavirus/ (last visited May 12, 2020). In short, Burton does not distinguish his situation from the risks a COVID-19 outbreak would present to any other offender currently serving or reporting in the future to serve a sentence at the FDC. This does not qualify as an "exceptional reason[ ]" why he should not be detained. 18 U.S.C. § 3145(c). *See United States v. Garcia*, 340 F.3d 1013, 1022 (9th Cir. 2003) ("Only in truly unusual circumstances will a defendant whose offense is subject to the statutory provision be allowed to remain on bail [pursuant to section 3145(c)]"); *United States v. Roeder*, 2020 WL 1545872 at *3 (3rd Cir. April 1, 2020) ("the existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid or substantially delay reporting for that sentence.").

Second, Burton has not presented clear and convincing evidence that he does not pose a danger to the community. Burton's only attempt to address this requirement is to speculate that his relatively short sentence demonstrates a lack of danger to the community. Dkt. 34 at 3. This argument falls well short of meeting Burton's burden. Burton committed his offense while child molestation charges were pending in another court and thus has already demonstrated a risk that he could reoffend. Dkt. 27 at 3. While his sentence provides for a relatively short period of incarceration, it is accompanied by an extensive period of supervision containing special conditions to ensure both the safety of the community and Burton's receipt of meaningful treatment. Dkt. 32. Burton's release before he has completed his federal sentence, without any

1 | significant period of treatment and without the structure and conditions imposed by his
2 | sentence poses a danger to the community.
3 |       Finally, Burton's motion did not contain any housing or supervision proposals.  At
4 | the request of the Court, Pretrial Services has provided a report, which notes that
5 | prospective housing with Burton's uncle, Alexander Jones (identified to Pretrial Services
6 | by Burton's counsel), is not possible.  Dkt. 37 at 2.  The report states that there are "no
7 | other options for housing."  *Id*.  The report concludes that Burton "is viewed as a risk" of
8 | both non-appearance and danger and recommends that he complete his juvenile sentence
9 | and commence his federal sentence immediately thereafter.  *Id*. at 3.  Burton's lack of a
10 | plan for housing or support during his prospective release poses both a non-appearance
11 | threat and an additional element of danger to the community; it is simply not safe to
12 | release an untreated repeat sex offender with no structure or plan in place to ensure he
13 | does not reoffend.
14 |       Burton has failed to demonstrate either of the elements required to obtain release
15 | pending the execution of his sentence.  He has not shown that his situation presents
16 | "extraordinary reasons" to avoid detention that set him apart from any other offender, and
17 | he has failed to present clear and convincing evidence that he is not likely to flee or pose
18 | a danger to the safety of any other person or the community.

### III. ORDER

Therefore, it is hereby **ORDERED** that Burton's motion to allow defendant to self-report, Dkt. 34, is **DENIED**.

Dated this 12th day of May, 2020.

_____
BENJAMIN H. SETTLE
United States District Judge